OSCAR GARZA (SBN 149790) OGarza@gibsondunn.com
SAMUEL A. NEWMAN (SBN 217042) SNewman@gibsondunn.com
GENEVIEVE G. WEINER (SBN 254272) GWeiner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for RIO PROPERTIES, INC.

SACV 10-00159 CAS

FILED
CLERK U.S. DISTRICT COURT
MAY - 7 2010
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NATIONAL CONSUMER MORTGAGE LLC, a California Limited Liability company,<br><br>Debtor. | CASE NO. SA 06-10429-TA<br><br>Chapter 11<br><br>Adv. No. 8:AP-01121-TA |
| JOHN P. BRINCKO, CHAPTER 11 TRUSTEE OF DEBTOR NATIONAL CONSUMER MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RIO PROPERTIES, INC. d/b/a RIO SUITE HOTEL & CASINO,<br><br>Defendants. | **ANSWER TO COMPLAINT OF JOHN P. BRINCKO, CHAPTER 11 TRUSTEE OF DEBTOR NATIONAL CONSUMER MORTGAGE LLC**<br><br>**JURY TRIAL DEMANDED** |

Defendant Rio Properties, Inc. ("Rio") hereby answers the Complaint (the "Complaint") of John P. Brincko (the "Trustee"), Chapter 11 Trustee of Debtor National Consumer Mortgage LLC (the "Debtor") for recovery of fraudulent transfers filed by the Trustee, and admits, denies and alleges as follows:

## I.

## JURISDICTION AND VENUE

1. Answering Paragraphs 1 – 3 of the Complaint, these Paragraphs state a series of legal conclusions, as to which no responsive pleading is required.

2. Answering Paragraph 4 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, which are uniquely within the Trustee's knowledge, and on that basis denies each and every allegation contained therein.

## II.

## INTRODUCTION

3. Answering Paragraph 5 of the Complaint, Rio denies. Rio lacks sufficient information to either admit or deny the Ponzi scheme allegations contained in Paragraph 5 of the Complaint, and on that basis denies those allegations contained therein. Except as expressly stated in this Paragraph, Rio denies all other allegations contained therein.

4. Answering Paragraph 6 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein. In addition, to the extent that Paragraph 6 of the Complaint contains legal conclusions, no responsive pleading is required.

5. Answering Paragraph 7, Rio admits that Defendant is Rio Properties, Inc., which is a Nevada corporation. Rio Properties, Inc. is wholly-owned by Rio Hotel & Casino, Inc., which in turn is owned by Harrah's Entertainment, Inc. Rio Properties, Inc.'s principal place of business is located at 3700 West Flamingo Road, Las Vegas, Nevada. Rio does business as "Rio All Suite Hotel and Casino" and Rio's zip code is 89103.

6. Answering Paragraphs 8-12 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

## III.

## THE ALLEGED TRANSFERS

7. Answering Paragraph 13 of the Complaint, Rio admits it received certain cashier's

checks with check numbers matching some of those identified on Exhibit A to the Complaint (the "Cashier's Checks"), which documents speak for themselves. Except as expressly set forth in this Paragraph, Rio denies the allegations contained therein.

**IV.**

**FIRST CLAIM FOR RELIEF**

**FRAUDULENT TRANSFER UNDER §§ 548(A)(1)(A) AND 550 OF THE BANKRUPTCY CODE**

8. Answering Paragraph 14 of the Complaint, Rio hereby reincorporates and realleges paragraphs 1 though 7 as if fully recited herein.

9. Answering Paragraphs 15-16 and 19 of the Complaint, the Paragraphs state legal conclusions, as to which no responsive pleading is required.

10. Answering Paragraph 17 of the Complaint, Rio denies each and every allegation contained therein.

11. Answering Paragraph 18 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

**V.**

**SECOND CLAIM FOR RELIEF**

**FRAUDULENT TRANSFER UNDER §§ 548(A)(1)(B) AND 550 OF THE BANKRUPTCY CODE**

12. Answering Paragraph 20 of the Complaint, Rio hereby reincorporates and realleges paragraphs 1 thorough 11 as if fully recited herein.

13. Answering Paragraphs 21-22 of the Complaint, these Paragraphs state legal conclusions, as to which no responsive pleading is required.

14. Answering Paragraph 23, Rio admits that all of the Cashier's Checks were dated within two years of the Petition Date. Except as expressly set forth herein, Rio denies each and every allegation contained therein. Rio notes that the Court has dismissed the First and Second Claims for Relief with respect to the following Cashier's Checks: 35000024, 35000072, 35000080, 35000084,

35000086, 35000105, 35000106, 2018300661, 2018300727, 2018301425, 2018301601, 2018301671, 2018301703, 2017995855, 2018301837, 2017996071, 2019412659, 2019412854, and 2019412958.

15. Answering Paragraphs 24-27 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

16. Answering Paragraph 28 of the Complaint, the Paragraph states a legal conclusion, as to which no responsive pleading is required.

**VI.**

**THIRD CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFERS UNDER §§ 544 AND 550 OF THE BANKRUPTCY CODE AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.***

**(ACTUAL FRAUD)**

17. Answering Paragraph 29 of the Complaint, Rio hereby reincorporates and realleges paragraphs 1 through 16 as if fully recited herein.

18. Answering Paragraphs 30-31 and 33 of the Complaint, these Paragraphs state legal conclusions, as to which no responsive pleading is required.

19. Answering Paragraph 32 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

**VII.**

**FOURTH CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFERS UNDER §§ 544 AND 550 OF THE BANKRUPTCY CODE AND CALIFORNIA CIVIL CODE §§ 3439, *ET SEQ.***

**(CONSTRUCTIVE FRAUD)**

20. Answering Paragraph 34 of the Complaint, Rio hereby reincorporates and realleges paragraphs 1 through 19 as if fully recited herein.

21. Answering Paragraphs 35-36 and 41 of the Complaint, the Paragraphs state legal conclusions, as to which no responsive pleading is required.

22. Answering Paragraphs 37-40 of the Complaint, Rio lacks sufficient information to either admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

## VIII.

## AFFIRMATIVE AND SEPARATE DEFENSES

### A. FIRST AFFIRMATIVE AND SEPARATE DEFENSE (STANDING)

23. The Trustee lacks standing to assert some or all of the claims set forth in the Complaint.

### B. SECOND AFFIRMATIVE AND SEPARATE DEFENSE (FAILURE TO MEET PLEADING STANDARDS)

24. The Complaint fails to plead fraud with particularity and omits any factual basis supporting the allegations of fraud, in violation of Fed. R. Civ. Pro. 8 and 9 and Fed. R. Bankr. Pro. 7008 and 7009.

### C. THIRD AFFIRMATIVE AND SEPARATE DEFENSE (FAILURE TO STATE A CAUSE OF ACTION)

25. The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Rio.

### D. FOURTH AFFIRMATIVE AND SEPARATE DEFENSE (LACK OF TRANSFER)

26. The Complaint is barred if the Debtor did not make the Alleged Transfers to Rio.

### E. FIFTH AFFIRMATIVE AND SEPARATE DEFENSE (CONDUIT)

27. Without in any way acknowledging that Rio committed any of the acts alleged in the Complaint or that such acts occurred in the manner alleged or at all, if Rio received any property directly or indirectly from the Debtor, such transaction did not constitute a "transfer" within the meaning of the applicable statutes because Rio acted as a mere conduit.

### F. SIXTH AFFIRMATIVE AND SEPARATE DEFENSE (GOOD FAITH)

28. Rio acted in good faith at all relevant times.

G. **SEVENTH AFFIRMATIVE AND SEPARATE DEFENSE (548(C))**

29. Without in any way acknowledging that Rio committed any of the acts alleged in the Complaint or that such acts occurred in the manner alleged or at all, if Rio received any property from the Debtor, Rio received such property for value and in good faith, and therefore has a lien on or may retain any interest transferred to Rio and may enforce any obligation incurred by the Debtor to Rio, as the case may be, to the extent that Rio gave value to the debtor in exchange for such transfer or obligation.

H. **EIGHTH AFFIRMATIVE AND SEPARATE DEFENSE (550(B)(1))**

30. Without in any way acknowledging that Rio committed any of the acts alleged in the Complaint or that such acts occurred in the manner alleged or at all, if Rio received any property from the Debtor or any transferee of the Debtor, the Trustee may not recover from Rio because Rio took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

I. **NINTH AFFIRMATIVE AND SEPARATE DEFENSE (550(B)(1))**

31. Without in any way acknowledging that Rio committed any of the acts alleged in the Complaint or that such acts occurred in the manner alleged or at all, if Rio received any property from the Debtor or any transferee of the Debtor, the Trustee may not recover from Rio because Rio took from a good faith transferee of the Debtor or its transferee.

J. **TENTH AFFIRMATIVE AND SEPARATE DEFENSE (REASONABLY EQUIVALENT VALUE)**

32. As to all Alleged Transfers, the Debtor received a "reasonably equivalent value in exchange for the transfer," in accordance with Cal. Civ. Code §§ 3439.04 and 3439.05.

K. **ELEVENTH AFFIRMATIVE AND SEPARATE DEFENSE (NO INSOLVENCY)**

33. At the time of the Alleged Transfers, the Debtor was not insolvent.

L. **TWELFTH AFFIRMATIVE AND SEPARATE DEFENSE (*IN PARI DELICTO*)**

34. Trustee and the Debtor are barred from recovery against Rio by the doctrine of *in pari delicto*.

M. THIRTEENTH AFFIRMATIVE AND SEPARATE DEFENSE (JUDICIAL ESTOPPEL)

35. Trustee and Debtor are, based on positions taken in prior, related litigation, judicially estopped from pursuing the claims stated in the Complaint against Rio.

N. FOURTEENTH AFFIRMATIVE AND SEPARATE DEFENSE (LACHES)

36. The claims set forth in the Complaint are barred by the doctrine of laches.

O. FIFTEENTH AFFIRMATIVE AND SEPARATE DEFENSE (STATUTE OF LIMITATIONS)

37. The Trustee's claims are barred by applicable statutes of limitations.

P. SIXTEENTH AFFIRMATIVE AND SEPARATE DEFENSE (SETOFF)

38. Rio is entitled to exercise a right of setoff in reduction of any claims which the Trustee or the Debtor may have, including without limitation counts set forth in the Complaint.

Q. SEVENTEENTH AFFIRMATIVE AND SEPARATE DEFENSE (RECOUPMENT)

39. Rio is entitled to exercise a right of recoupment to reduce any claims the Trustee or the Debtor may have, including without limitation counts set forth in the Complaint.

R. EIGHTEENTH AFFIRMATIVE AND SEPARATE DEFENSE (UNCLEAN HANDS)

40. Trustee or Debtor has not come into Court with clean hands and cannot now complain of the acts alleged in its Complaint.

S. NINETEENTH AFFIRMATIVE AND SEPARATE DEFENSE (WAIVER)

41. Without in any way acknowledging that Rio committed any of the acts alleged in the Complaint or that such acts occurred in the manner alleged or at all, Rio hereby alleges that Trustee or Debtor, both expressly and through its conduct, waived its right to complain of the conduct alleged in its Complaint.

T. TWENTIETH AFFIRMATIVE AND SEPARATE DEFENSE (ESTOPPEL)

42. Without in any way acknowledging that Rio committed any of the acts alleged in the Complaint or that such acts occurred in the manner alleged or at all, Rio hereby alleges that because of its acts and conduct, Trustee or Debtor is estopped from complaining of Rio's conduct.

**U. TWENTY-FIRST AFFIRMATIVE AND SEPARATE DEFENSE (DOCTRINE OF UNJUST ENRICHMENT)**

43. The Complaint and each cause of action thereof is barred by the doctrine of unjust enrichment.

**V. TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE (*RES JUDICATA*)**

44. The Trustee's claims are barred by principles of *res judicata*.

**W. THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE (COLLATERAL ESTOPPEL)**

45. The Trustee's claims are barred by principles of collateral estoppel.

**X. SEPARATE AND ADDITIONAL DEFENSE**

46. Rio reserves the right to assert other separate and additional defenses, cross-claims, and third-party claims if and when they become appropriate in this case.

**IX.**

**DEMAND FOR TRIAL BY JURY**

47. Rio demands a trial by jury with respect to all claims in this case that are so triable.

**X.**

**NON-CONSENT TO JURY TRIAL BY THE BANKRUPTCY COURT**

48. Rio does not consent to the conduct of a jury trial by the Bankruptcy Court.

///

///

///

## XI.

## PRAYER FOR RELIEF

WHEREFORE, Rio prays:

1. That judgment be entered in its favor and against Trustee;
2. That the Complaint and all claims therein be dismissed with prejudice;
3. For attorney's fees and costs of suit; and
4. For such other relief that the Court deems just and proper.

DATED: July 25, 2008

GIBSON, DUNN & CRUTCHER LLP

By: /s/Samuel A. Newman
SAMUEL A. NEWMAN

Attorneys for RIO PROPERTIES, INC.

100478767_2.DOC

## CERTIFICATE OF SERVICE

I, Pamela S. Gee, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State. On July 25, 2008, I served the following document(s):

**ANSWER TO COMPLAINT OF JOHN P. BRINCKO, CHAPTER 11 TRUSTEE OF DEBTOR NATIONAL CONSUMER MORTGAGE LLC**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

**U.S. Trustee:**

Office of the United States Trustee
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701-4593

**Attorneys for John P. Brincko, Chapter 11 Trustee:**

Jay A. Ghoreichi, Esq.
Ghoreichi Law Firm
1999 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
Facsimile: (310) 356-4643
Telephone: (310) 356-4642
Email: jghoreichi@glawfirm.com

**Attorneys for John P. Brincko, Chapter 11 Trustee:**

Bijan Amini, Esq.
Avery Samet, Esq.
Storch Amini & Munves, P.C.
2 Grand Central Tower
25th Floor
New York, NY 10017
Facsimile: (212) 490-4208
Telephone: (212) 490-4100
Email: bamini@samlegal.com
Email: asamet@samlegal.com

☒ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ I am employed in the office of Samuel A. Newman, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25, 2008 at Los Angeles, California.

/s/Pamela S. Gee
Pamela S. Gee