# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re: ) <br> ) <br> NATIONAL CONSUMER MORTGAGE, LLC ) <br> ) <br>                              Debtor. ) <br> ) <br> JOHN P. BRINCKO, ) <br> ) <br>                              Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RIO PROPERTIES, INC., ) <br> ) <br>                              Defendant. ) <br> ) | Case No.2:10-cv-00930-PMP-PAL <br><br> **ORDER** <br><br> (Motion for Leave to Serve - Dkt. #138) |

      Before the court is Plaintiff Trustee's Motion for Leave to Serve Proposed Expert Rebuttal Report of Peter Djinis (Dkt. #138). The court has considered the Motion, Defendant Rio's Opposition (Dkt. #144), and the Trustee's Reply (Dkt. #149).

      The Trustee seeks an order permitting him to serve a proposed expert rebuttal report by Peter Djinis rebutting the expert opinions of Courtney Linn, served by counsel for Rio May 5, 2010. The Trustee asserts that throughout this litigation, he has put Rio on notice of his contention that at all times relevant to the alleged fraudulent transactions at issue in this case, federal regulations promulgated under the Bankruptcy Secrecy and Patriot Acts, not Nevada gaming laws and regulations or unspecified "industry standards and norms", required Rio to maintain sufficient internal controls to detect suspicious transactions. The Trustee has asserted that Rio failed to comply with governing federal regulations and failed to investigate Favata's deposits of cashier's checks with Rio which he used to gamble. The Trustee asserts that Rio unqualifiedly denied the Trustee's request to admit that it was

required to develop and implement a written anti-money laundering program pursuant to 31 U.S.C. §§ 5318(a)(2) and 31 C.F.R. 103.64 & 103.120(d). The Trustee asserts that Rio consistently maintained this position until it served Linn's expert report which took the opposite position. In light of the Rio's change of position, the Trustee seeks leave to serve a rebuttal report. The Trustee asks that the Court deem as timely served the Djinis rebuttal to Linn's report which is attached to the declaration of Russell Bogart as Exhibit "G". In the alternative, the Trustee requests that Rio be precluded from offering those portions of the Linn report, or any opinions expressed by Linn, that contradict sworn positions taken by Rio in its denial of the Trustee's request to admit, its July 24, 2009 interrogatory responses, and its October 13, 2009 interrogatory responses.

The Trustee argues that the Linn report both supplements an expert report prepared by Rio's expert, Dennis Amerine, and raises new arguments in his rebuttal report which should have been raised in his initial expert report. Rio will not be prejudiced if the court grants the relief requested because at Rio's insistence, expert depositions have not yet been taken and no trial date has been scheduled. If the court is not inclined to allow Djinis' rebuttal report, the Trustee asks that portions of the Linn report be excluded from evidence, because it contradicts Rio's prior responses to the Trustee's request for admissions, and other discovery requests.

Rio opposes the motion indicating expert discovery was well under way at the time the motion was filed, and that all deadlines to identify experts have passed. Rio argues the Djinis report is, in actuality, a "sur-rebuttal" report, which is not permitted by the rules of the court. Rio also argues that Mr. Linn's discussion of certain Code of Federal Regulation provisions does not justify leave for the Trustee to file the Djinis report, and that it will be prejudiced by having to incur the expense of deposing irrelevant experts and analyzing their voluminous materials.

The Trustee replies that the Rio's substantive and material change of position concerning the applicability of federal requirements requiring the casino to maintain effective anti-money laundering programs at issue in this case warrants the relief requested. The Trustee reiterates that the Linn report is inconsistent with Rio's discovery responses in certain significant and material respects, and that it was not until the Trustee received Linn's rebuttal expert report that Rio first asserted that 31 C.F.R. § 103.64 applied to it and other Nevada casinos. The Trustee also reiterates arguments that the Linn

rebuttal report offers new opinions which are not truly rebuttal and which deprive the Trustee of an opportunity to respond.

Having reviewed and considered the moving and responsive papers, and for good cause shown,

**IT IS ORDERED** the Trustee's Motion for Leave to Serve Proposed Expert Rebuttal Report of Peter Djinis (Dkt. #138) is **GRANTED**, and Defendant Rio shall have leave to take his deposition.

Dated this 30th day of March, 2011.

_____
Peggy A. Leen
United States Magistrate Judge