# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re: ) | |
| ) | |
| NATIONAL CONSUMER MORTGAGE, LLC ) | Case No.2:10-cv-00930-PMP-PAL |
| ) | |
| Debtor. ) | **ORDER** |
| ) | |
| JOHN P. BRINCKO, ) | |
| ) | (Motion to Compel - Dkt. #163) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RIO PROPERTIES, INC., ) | |
| ) | |
| Defendant. ) | |

The court conducted a hearing on May 17, 2011, on the Plaintiff's Motion to Compel the Re-Opening of the Deposition of Rio Properties, Inc. (Dkt. #163) which was initially filed in Bankruptcy Court before this matter was transferred here, and re-filed pursuant to this court's order. Bijan Amini and John Bailey appeared on behalf of the Plaintiff. James Fogelman and James Boyle appeared on behalf of the Defendant. The court has considered the moving and responsive papers and the arguments of counsel.

The Plaintiff Trustee seeks to re-open the deposition of the Rio's Rule 30(b)(6) designee concerning a deposition notice originally served September 2008, requiring the Rio to produce its witness(es) knowledgeable about Rio's compliance with anti-money laundering laws and regulations. The Trustee requests reopening of the Rio's Rule 30(b)(6) deposition on this topic to examine the witness(es) on documents identified in the Trustees Appendix A produced by Rio's parent company, Harrah's Operating Company ("HOC"). These documents were identified on a privileged document

log and withheld from production. The Trustee filed a motion to compel production of these withheld documents while the matter was still before the Bankruptcy Court. The motion was fully briefed, and Judge Albert issued a tentative ruling indicating he intended to grant the motion to compel. However, during oral argument on the motion, he suggested that the parties reach a stipulation to resolve the motion. The parties were able to reach a stipulation which Judge Albert approved. The stipulation and order approving the stipulation entered between Rio Properties, Inc., and the Trustee regarding the disputed documents are attached as exhibits to the Trustee's motion.

The Trustee also asks that, to the extent Rio is unable to produce a knowledgeable witness or witnesses to testify about the documents identified in Appendix A, that Plaintiff be given leave to depose any former employees of the Rio, or current or former employees of HOC who prepared the documents or are knowledgeable about their subject matter. The Trustee maintains that re-opening Rio's Rule 30(b)(6) deposition is necessary to establish the admissibility of the withheld documents as well as other documents identified in Appendix A, and to obtain information relating to Rio's corporate organization and financial review of the Rio Race and Sports Betting department where Favata wagered the Debtor's funds.

Rio opposes the motion asserting discovery should not be reopened because the Plaintiff was not sufficiently diligent in pursuing discovery within the time allowed by the Bankruptcy Court. Rio points out that re-opening depositions is disfavored as a general rule and argues that the Trustee has taken numerous depositions. It asks that any attempt by the Trustee to reopen discovery on the basis of documents identified in Appendix A be denied because it would be unnecessarily duplicative of discovery already conducted.

Having reviewed and carefully considered the moving and responsive papers and voluminous supporting exhibits, the court finds that Plaintiff has not established that production of the disputed withheld documents warrants reopening of discovery in this case. The Plaintiff has taken multiple depositions to support its claims and to investigate Rio's defenses concerning the applicable statutory and regulatory compliance obligations at issue. Plaintiff has deposed Kevin Ortzman, Rio's Regional Vice President of Finance; David Darvey, Rio's former Compliance Specialist; David Pemberton, Rio's Director of Specialty Games (the department that oversaw the Rio Sports Book during the relevant time

period); and Sheila Eyler, Rio's Compliance Director. Additionally, both sides have designated experts who opine concerning the applicable regulatory standards for Nevada casinos during the relevant time period, and the parties are in the process of scheduling and completing these depositions. The parties had nearly two years to conduct fact discovery while the matter remained in Bankruptcy Court, and were granted numerous extensions. Under these circumstances, the court finds the Plaintiff has had an adequate opportunity to conduct discovery from Rio concerning the various laws and regulations underlying the Plaintiff's claims, and Rio's affirmative defense that it accepted Favata's transfers in good faith under 11 U.S.C. 550(b). See, Fed R. Civ P. 26(b)(2)(C)(ii). Accordingly,

**IT IS ORDERED** :

1. Plaintiff's Motion to Compel the Re-Opening of Deposition of Defendant Rio Properties, Inc., is **DENIED.**

**2.** In denying the motion to re-open discovery, the court makes no finding whether the disputed documents are or are not privileged, and/or whether any applicable privilege has been waived.

Dated this 18th day of May, 2011.

_____
Peggy A. Leen
United States Magistrate Judge