**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN P. BRINCKO, | ) |
| Plaintiff, | ) Case No. 2:10-cv-00930-PMP-PAL |
| vs. | ) **ORDER** |
| RIO PROPERTIES, INC., | ) |
| Defendant. | ) |

Before the court is Defendant's Memorandum of Fees and Costs (Dkt. #234). The court has considered the Defendant's Memorandum, and the Trustee's Memorandum of Points and Authorities in Opposition (Dkt. #235).

**BACKGROUND**

In a prior Order (Dkt. #233), the court found that counsel for the Trustee improperly instructed a witness to refuse to answer non-privileged questions, and granted Defendant Rio's motion to compel to the extent that Rio was given an opportunity to re-depose the witness for up to 30 minutes if the district judge permits him to testify after deciding a pending *Daubert* motion. The court also indicated Rio would be awarded reasonable costs and attorneys' fees incurred for the necessity of filing the motion to compel, and directed counsel for Rio to file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing the motion. The order described with specificity what should be included. The order also gave the Trustee 14 days from service of the memorandum of costs and attorneys' fees to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

///

The memorandum seeks attorneys' fees in the amount of $9,370.00, and costs in the amount of $100.70, for a total of $9,470.70. Local counsel seeks fees and costs for the work done by two attorneys, James Boyle and Oliver Pancheri, and paralegal, Joy Jones, at the rate of $225/hr., $250/hr., and $125/hr. respectively. Pro hac vice counsel seeks fees of $8,295.00 at a "blended rated" of $525/hr. for time ordinarily billed to the client at standard billing rates of $640/hr. for attorney Shannon Mader, and $865/hr. for James Fogelman, a partner. Local counsel states in the affidavit of James Boyle supporting the memorandum that his firm has engaged in considerable research related to determining that the hourly fee rates charged by its attorneys and paralegal are reasonable and within the market encompassing Clark County, Nevada. Research conducted by the firm includes surveys of law firms of comparable size and experience, and data collected and made public by the State Bar of Nevada related to the billing rates of comparable law firms.

Out of state counsel avers in the affidavit supporting the memorandum that Gibson, Dunn and Crutcher, LLP ("GD&C") has done considerable research in determining the standard hourly fee rates charged by its attorneys including the fees charged by Mr. Fogelman and Ms. Mader, and has determined that they are fair and reasonable within the Los Angeles, California market where this action was originally filed. GD&C billed 11.8 hours of work for Ms. Mader's time, and four hours of work for Mr. Fogelman's time, for a total of $8,295.00. Local counsel, Santoro, Driggs, Walch, Kearney, Holley & Thompson ("SDW") billed 0.7 hours for Mr. Boyle's time at the rate of $225/hr., 0.8 hours for Mr. Pancheri's time at the rate of $250/hr., and 2.8 hours at the rate of $125/hr. for its paralegal, Ms. Jones.[1]

The responsive memorandum filed by the Trustee argues that the $525.00 special blended rate charged by GD&C for preparing the motion to compel and reply is not the usual and customary rate charged by attorneys for work in this judicial district. Counsel for the Trustee notes that it is nearly

---

[1] Apparently math is not counsel's forte. The affidavit relates that Mr. Boyle billed aggregate fees of $450.00 for 0.7 hours; however, 0.7 × $225.00 equals $157.50. Similarly, the affidavit relates that Pancheri billed total fees of $250.00 for 0.8 hours, but 0.8 × $250.00 equals $200.00. Finally, the affidavit indicates Ms. Jones' aggregate fees were billed at $375.00 for 2.8 hours, but 2.8 × $125.00 equals $350.00.

double the rates charged by the two partners of SDW who billed time on this motion. The Trustee therefore requests that the court reduce GD&C's billing rate to the blended rate of the two partners from SDW "or such other rate the Court deems to be usual and customary for attorneys practicing before this Court."

Counsel for the Trustee also argues that there are a number of equitable considerations that the court should consider, including the Trustee's financial ability to pay, Rio's refusal to contact the court during the deposition to resolve this dispute, and the fact that the Trustee prevailed in his position on the underlying motion in several material respects. Specifically, the court agreed with the Trustee that the deposition should only be continued if the district judge denies Rio's pending *Daubert* motion to exclude his testimony, that the deposition be limited in time and scope, and that it be conducted by telephone to avoid travel costs. The court only denied the Trustee's request that counsel for Myriad, the deponent's former employer, be permitted to participate should questions implicate the attorney-client or work product privileges concerning the Grein litigation. The Trustee therefore argues that the equitable considerations weigh against imposing any costs and fees. However, if the court determines to award costs and fees, counsel for the Trustee asks that the amount of fees be limited, and that enforcement of the award be stayed until the outcome of the litigation with any amount awarded to serve as an offset of any judgment received by the Trustee.

## **DISCUSSION**

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Although the district court has discretion in determining the amount of the fee award, it must calculate awards for attorneys fees using the "lodestar" method. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate. *Id*. The district court may, in rare cases, if the circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it. *Id*. These factors were set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). Relevant factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and

results obtained; the undesirability of the case;[2] the nature and length of the professional relationship with the client; and awards in similar cases. *Id*. at n.1. In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho,* 523 F.3d at 978.

As a general rule, the court considers the reasonable hourly rate in the relevant community which is the forum in which the case is pending. *Id*. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

The United States Supreme Court has recognized that determining an appropriate market rate for the services of a lawyer is inherently difficult for a number of reasons. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Traditional supply and demand principles do not ordinarily apply to prevailing market rates for the services of lawyers. *Id*. The hourly rates of lawyers in private practice varies widely. *Id*. The type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively, even within a law firm. *Id*. The fee is usually discussed with the client and may be negotiated. *Id*. In determining the reasonableness of attorneys fees, the hourly rate is now generally recognized. However, "courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates." *Id*. In *Blum*, the Supreme Court stated that "[t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*.

The Ninth Circuit has stated that affidavits of the fee applicant's attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, are satisfactory evidence of the prevailing market rate. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am*.

---

[2]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated on other grounds,* 984 F.2d 345 (9th Cir. 1993) (noting "[t]he *Dague* opinion can also be read as casting doubt on the relevance of a case's desirability to the fee calculation") (internal quotation marks omitted).

*v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)) (internal quotation marks omitted). However, declarations of the fee applicant do not conclusively establish the prevailing market rate. *Id.*

Here, counsel for the Trustee does not challenge the amount of time expended to file the motion to compel and reply. Rather, counsel for the Trustee challenges the reasonableness of the blended rate charged by pro hac vice counsel on the grounds that it is not a reasonable hourly rate in the Las Vegas, Nevada community where this action is pending. The court agrees. Counsel for the Trustee also challenges the request for fees on equitable grounds, arguing the Trustee prevailed in significant respects. Finally, counsel for the Trustee asserts it would be inequitable to award substantial fees and costs against the Plaintiff because the estate's liabilities far exceed any assets, and more than two million dollars in professional fees incurred in connection with administering the debtor's bankruptcy remain unpaid, even thought the bankruptcy court has approved them for payment.

The Trustee elected to file this case on behalf of the debtor, requiring the Defendant to incur significant costs and attorneys fees in defense. Thus, the fact that the estate has incurred significant professional fees that remain unpaid is not a persuasive reason to deny the Defendant's costs and attorneys fees under Rule 37. The court is more persuaded by the Trustee's argument that Plaintiff prevailed in several significant respects in opposing the motion to compel. The court has the authority under Rule 37(a)(5)(C) to enter a protective order and apportion the reasonable expenses of a motion to compel that is granted in part and denied in part.

The court finds that the Defendant has not met its burden of establishing that the blended rate charged by GD&C is a reasonable hourly rate in this forum. The Defendant has, however, met its burden of establishing that the hourly rates charged by the two attorneys and one paralegal of local counsel, SDW, are reasonable hourly rates in the Las Vegas, Nevada, community. Applying the lodestar method, the court finds that $707.50 ($157.50 + $200.00 + $350.00) is reasonable for attorneys fees expended in filing the motion to compel by SDW. The court also finds that $3,950.00 (15.8 hrs. × $250/hr.) is reasonable for attorneys fees incurred by GD&C for filing the motion to compel. The court will apportion the award, allowing the Defendant to recover fifty percent of the amount the court has found reasonable because counsel for the Trustee prevailed in opposing the motion on several key

///

points. The court will also grant the Trustee's request to stay enforcement of the award until entry of judgment.

For the reasons stated,

**IT IS ORDERED** that:

1. Defendant is awarded attorneys fees in the amount of $2,328.75 ($707.50 + $3,950.00 = $4,657.50 × .50). Defendant is also awarded costs in the amount of $100.70, for a total of **$2,429.45**.

2. Enforcement of the costs and attorneys fees awarded shall be stayed until judgment is entered. Defendant shall be entitled to an offset for the costs and fees awarded against any judgment received by the Trustee. The costs and attorneys fees awarded shall be assessed as an allowable cost against the Plaintiff in the event judgment is entered in favor of the Defendant.

Dated this 31st day of January, 2012.

Peggy A. Leen
United States Magistrate Judge